UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND, and TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> A BETTER MASONRY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No. 2:22-CV-245-PPS-JEM |

## OPINION AND ORDER

The Trustees of the Bricklayers Union Local No. 6 seek a default judgment against a company known as "A Better Masonry" who was a signatory to a collective bargaining agreement with the Union. According to the Trustees, A Better Masonry failed to pay into two trust funds as required by the CBA – a pension fund and a health and welfare fund. [DE 14.] A Better Masonry has failed to appear to defend the case. Because it is plain that A Better Masonry is in arrears to the funds, a default judgment is appropriate under Rule 55(b) of the Federal Rules of Civil Procedure, and the motion will be granted.

**Background**

Plaintiffs filed this action on behalf of the funds' participants and beneficiaries, seeking to collect contributions and other amounts owed by A Better Masonry. [DE 1.] Plaintiffs assert claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Plaintiffs allege A Better Masonry was obligated to make monthly contributions to their trust funds under the terms of a Collective Bargaining Agreement, associated Memorandum of Agreement, and the funds' collections policy. According to audits of its payroll records, A Better Masonry failed to do so from March 19, 2020 to December 31, 2020, as well as the full year of 2022, and consequently owes the funds several thousand dollars in unpaid contributions covering those periods, plus liquidated damages and interest. [DE 1, ¶¶ 7–13; *see* DE 1-1; DE 1-2; DE 1-3; DE 1-4; DE 1-5; DE 1-6; DE 1-7.] In addition to these damages, Plaintiffs seek to recover from A Better Masonry their audit costs, as well as attorney's fees and costs incurred in connection with the collection of these unpaid and delinquent payments. [DE 1 at 5–7; DE 1-6; DE 1-7.]

After being served with Plaintiffs' complaint in September 2022 at an address in Hobart, Indiana [DE 4; DE 5], A Better Masonry failed to appear to defend against Plaintiffs' request for judgment. The Clerk entered a default against A Better Masonry on November 7, 2022. [DE 7.] A Better Masonry received notice of the default by my order of November 8, 2022, a copy of which was mailed to the address at which service was obtained. [DE 8.] My November 8 order also instructed Plaintiffs to mail a copy of their anticipated motion for default judgment and supporting memorandum to A Better Masonry at the address at which service was obtained. Plaintiffs' motion for default judgment did not contain a certificate of service indicating that A Better Masonry received notice of the motion. [DE 14; DE 15.]

In an attempt to ensure A Better Masonry received notice of the pending motion, I ordered Plaintiffs to comply with my original order [DE 16], and on April 14, Plaintiffs mailed a copy of the motion and memorandum in support to A Better Masonry at the Hobart address [DE 17]. A few days later, I was notified that a copy of an order sent to the Hobart address was undeliverable because the time period for mail forwarding on the address had expired. [DE 18.] On June 5, Plaintiffs filed a second Notice of Service [DE 19], indicating that the copies of their motion and memorandum mailed on April 14 were returned-to-sender and that their counsel had mailed additional copies of the motion and memorandum to "A Better Masonry c/o Michael Alexander" at the Hobart address, as well as two other addresses in Cumberland City, Tennessee. [DE 19.] In sum, A Better Masonry has not appeared to oppose default judgment, despite receiving notice of the complaint, the entry of default, and Plaintiffs' motion for default judgment.

## Discussion

Rule 55 of the Federal Rules of Civil Procedure requires a litigant seeking default judgment to take two steps – first, obtain an entry of default pursuant to Rule 55(a), then, obtain default judgment under Rule 55(b). I must "exercise sound judicial discretion in determining whether" default judgment should be entered. Wright & Miller, 10A FEDERAL PRACTICE & PROC. 3rd ed. § 2685 (1998). To obtain default judgment, plaintiff must be entitled to judgment as a matter of law, assuming "that [plaintiff's] factual allegations are, by reason of the default, true." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir.1995). A default judgment establishes, as a matter of law, that the

defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). I am to consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005); *see* Wright & Miller, 10A FEDERAL PRACTICE & PROC. 3rd ed. § 2683 (1998).

None of these factors weighs against default judgment. No dispute of material fact is evident from the record. The default is not merely technical and a default judgment would not be unduly harsh, as the record reflects ample notice of this litigation to A Better Masonry. Moreover, Plaintiffs are substantially prejudiced by being denied payment for delinquent contributions for the months in question, audit costs, and costs incurred in connection with the collection of these unpaid and delinquent payments they are entitled to under the terms of the Collective Bargaining Agreement, associated Memorandum of Agreement, and the funds' collections policy.

Additional factors that influence my decision to grant default judgment include "the merits of the plaintiff's case, and the quality and sufficiency of the complaint." *Filter Specialists, Inc. v. Li*, 2007 WL 2609888, at *3 (N.D. Ind. Sept. 6, 2007); *accord Duralar Tech. LLC v. Plasma Coating Tech., Inc.*, 848 Fed. App'x 252, 255 (9th Cir. 2021). All well-pled facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008). Nevertheless,

judgment by default is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim. *Franko v. All About Travel, Inc.*, 2014 WL 2903987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."); *Gard v. B&T Fin. Servs.*, No. 2:12-CV-005, 2013 WL 228816, at *1 (N.D. Ind. Jan. 22, 2013); *Myers*, 569 F. Supp. 2d at 764; *Rual Trade Ltd. v. Via Trade LLC*, 549 F. Supp. 2d 1067, 1071 (E.D. Wisc. 2008); *In re Greco*, 397 B.R. 102, 105–06 (Bankr. N.D. Ill. 2008) (collecting cases).

The complaint asserts Plaintiffs are entitled to unpaid contributions and additional amounts for past-due contributions and collection costs, and that these amounts are recoverable from A Better Masonry pursuant to ERISA and the LMRA. In a memorandum and affidavit filed in support of the pending motion, Plaintiffs explain how the Collective Bargaining Agreement, Trust Agreements, and the funds' collection policy, coupled with A Better Masonry's failure to pay amounts owed under the various agreements, substantially support their claims on the merits. [*See* DE 15 at 2–3, 4–6; DE 15-1 (Puza Decl.) & Ex. 1–3; DE 15-2 (Lehman Decl.) & Ex. 1.] The facts deemed admitted support a determination that A Better Masonry is liable to Plaintiffs for monthly contributions and other amounts owed under the terms of the parties' written agreements.

Under ERISA, employers obligated to make contributions under a multiemployer plan or a collectively bargained agreement "shall, . . . make contributions in accordance with the terms or conditions of such plan or such agreement." 29 U.S.C. § 1445. The law

5

permits plan fiduciaries to privately enforce violations, *id.* § 1132, including by seeking judgment for unpaid and delinquent contributions, liquidated damages, interest, audit fees, and attorney's fees and costs accrued during the relevant period and through the pendency of an action, *id.* §§ 1132(a)(3), (g)(2)(A)–(E). Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction on the parties." *Id.* § 185(a). While plan fiduciaries are not parties to collective bargaining agreements between labor organizations and employers, they may seek to enforce obligations in collective bargaining agreements as third-party beneficiaries to such agreements. *See Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1151 (7th Cir. 1989).

Plaintiffs are two separate trust funds, both created under the auspices of the LMRA, 29 U.S.C. § 186(c)(5), and are administered by boards of trustees pursuant to the terms of Trust Agreements. [Puza Decl., ¶¶ 2–3.] The underlying pension funds for which Plaintiffs serve as fiduciaries are multiemployer benefit plans and employee welfare plans under ERISA, *id.* §§ 1002(1), 1002(37). A Better Masonry was a signatory to a Collective Bargaining Agreement with the funds, under which A Better Masonry agreed to abide by terms of the Trust Agreements that govern the funds, including the funds' collections policy. [Puza Decl., ¶ 3.] The CBA required A Better Masonry to make monthly contributions to the funds on its employees' behalf under terms set forth in the Trust Agreements. *Id.*, ¶ 4. The collections policy required A Better Masonry to submit

6

monthly reports and contributions by the 15th day of the month following each work period in question. *Id.* The policy further states that if an employer is late in making contributions to the funds, the employer must pay simple interest at a rate of 1% per month, as well as liquidated damages of 10% of the amount due on all unpaid contributions. *Id.* & Ex. 1. Finally, if an employer is deemed delinquent as a result of a payroll audit, the policy authorizes the funds to recoup the costs of the audit; the same is true for attorney's fees and costs incurred in legal proceedings to collect delinquent contributions. *Id.* & Ex. 1

  As to damages, the funds' records reflect that A Better Masonry owes $74,859.82 under the terms of the parties' written agreements, covering the periods March 19, 2020 through December 31, 2020, and January 1, 2021 through December 31, 2022. That sum is inclusive of attorney's fees and costs incurred in this action from June 16, 2022 to April 6, 2023.

  In the Seventh Circuit, "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight*, 500 F.3d at 602. A hearing is unnecessary in this case; Plaintiffs have submitted evidence substantially supporting their factual allegations concerning the amounts and categories of damages owed. [Puza Decl., ¶¶ 5–6 & Ex. 1–3; Lehman Decl., ¶¶ 3–7 & Ex. 1.] In sum, the prerequisites for default judgment under Rule 55(b) are satisfied in this case, so the motion will be granted.

**ACCORDINGLY:**

Plaintiffs' Motion for Default Judgment [DE 14] is **GRANTED**. The Clerk shall enter judgment by default in favor of Plaintiffs, Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund and Trustees of the Bricklayers Union Local No. 6 of Indiana Health and Welfare Fund, in the amount of $74,859.82, which includes unpaid contributions, liquidated damages, interest, audit fees, and attorney's fees and costs. The judgment shall include declarations that under the terms of the Collective Bargaining Agreement, Trust Agreements, and collections policy:

- Plaintiffs are entitled to ongoing interest at the rate of one percent (1%) per month on the component of the judgment consisting of unpaid contributions and liquidated damages.

- Plaintiffs are entitled to an award of additional attorney's fees and costs incurred in collecting this judgment.

**SO ORDERED**.

ENTERED: August 9, 2023.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT